IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| Armando Garcia,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company, and<br>Procollect, Inc.,<br>a Texas corporation,<br><br>　　　　Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, ARMANDO GARCIA, BY AND THROUGH COUNSEL, DENNIS MCCARTY, ESQ., and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]) and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Levelland, Hockley County, Texas.

3. Venue is proper in the Northern District of Texas, Lubbock Division.

## PARTIES

4. Plaintiff is a natural person residing in Levelland, Hockley County, Texas.

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the state of Texas; and

   b. ProCollect, Inc. ("ProCollect") is a Texas corporation that conducts business in the state of Texas.

## GENERAL ALLEGATIONS

6. Defendant ProCollect is incorrectly reporting its trade line ("Errant Trade Line") on Mr. Garcia's Trans Union credit file.

7. ProCollect should not be reporting the Errant Trade Line on Mr. Garcia's credit file because the debt, which is the subject of the Errant Trade Line, was paid in full to the original creditor prior to the account being placed in collections.

8. In February 2017, Mr. Garcia made the final payment to South Side Flats Apartment in the amount of $1,750.00, which resulted in a zero balance.

9. On or about July 5, 2017, ProCollect opened its collection account against Mr. Garcia.

10. In September 2017, Mr. Garcia obtained his credit files and noticed that ProCollect reporting the Errant Trade Line with a balance of $1,725.00.

11. On or about October 11, 2017, ProCollect sent Mr. Garcia a correspondence stating that the account has been cancelled in ProCollect's office and that it requested that the trade line be removed from his credit files.

12. On or about November 8, 2017, Mr. Garcia submitted a letter to Trans Union disputing the Errant Trade Line.

13. In these dispute letters, Mr. Garcia explained that he paid the account in full to the original creditor before the account was sent to collections, attached the correspondence from ProCollect and asked the credit bureaus to remove the Errant Trade Line from his credit files.

14. Upon information and belief, Trans Union forwarded Mr. Garcia's consumer dispute to ProCollect.

15. On or about November 16, 2017, Mr. Garcia received Trans Union's investigation results, which showed that the Errant Trade Line was updated to reflect a $0 balance, but the Errant Trade Line remained on his credit file.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or

improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.  Defendant violated this provision by continuing to report the Errant Trade Line that was paid prior to it being sent to collections.

22. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Trans Union of Mr. Garcia's consumer dispute of the Errant Trade Line, ProCollect negligently failed to conduct a proper investigation of Mr. Garcia's dispute as required by 15 USC 1681s-2(b).

25. ProCollect negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove the Errant Trade Line.

26. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Garcia's consumer credit file with Trans Union to which it is reporting such trade line.

27. As a direct and proximate cause of ProCollect's negligent failure to perform its duties under the FCRA, Mr. Garcia has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. ProCollect is liable to Mr. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Mr. Garcia has a private right of action to assert claims against ProCollect arising under 15 USC § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant ProCollect for damages, costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Trans Union that Mr. Garcia disputed the accuracy of the information it was providing, ProCollect willfully failed to conduct a proper reinvestigation of Mr. Garcia's dispute, and willfully failed to direct Trans Union to remove the Errant Trade Line.

32. ProCollect willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of ProCollect's willful failure to perform its duties under the FCRA, Mr. Garcia has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. ProCollect is liable to Mr. Garcia for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant ProCollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Garcia as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Garcia that was false, misleading, and inaccurate.

38. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Garcia, in violation of 15 USC 1681e(b).

39. After receiving Mr. Garcia's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Trans Union is liable to Mr. Garcia by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Garcia as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Garcia that was false, misleading, and inaccurate.

45. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Garcia, in violation of 15 USC 1681e(b).

46. After receiving Mr. Garcia's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Trans Union is liable to Mr. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: April 23, 2018

Respectfully Submitted,

/s/Dennis McCarty
Dennis McCarty
McCarty & Raburn, A Consumer Law Firm, PLLC
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800

P.O. Box 1448
Cedar Hill, TX 75106-1448
Telephone: 817-704-3375
Fax (817) 887-5069